**John W. JACKSON, Administrator d.b.n., c.t.a. of the Estate of Bertha M. Roberts, Deceased, Appellant,**

v.

**GLENS FALLS INDEMNITY COMPANY, Appellee.**

**No. 12514.**

United States Court of Appeals District of Columbia Circuit.

Argued April 20, 1955.

Decided May 12, 1955.

As Amended May 25, 1955.

Mr. J. Grahame Walker, Washington, D. C., with whom Messrs. John W. Jackson, Washington, D. C., and Crombie J. D. Garrett, Rockville, Md., were on the brief, for appellant.

Mr. Edward Gallagher, Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

PER CURIAM.

An executor misappropriated funds. The question is whether his surety, the appellee, is liable to the estate, now represented by the appellant administrator, for interest on the amounts in default from the dates of the defaults, or as the District Court held, only from the time when payment of those amounts was demanded from appellee.

In United States v. United States Fidelity & Guaranty Co., 236 U.S. 512, 529, 35 S.Ct. 298, 303, 59 L.Ed. 696, "the actual damages exceed[ed] the amount of the penalty" named in the surety bond. Cf. Cunningham v. Cunningham, 81 U.S.App.D.C. 300, 157 F.2d 859. Here, the penalty named in the bond exceeded the damages. But the

Fidelity rule, that interest does not run against a surety until demand is made upon him, has been extended to cases in which, as in the present case, "the penalty of the bond is ample to meet in full the claims of all." Royal Indemnity Co. v. Woodbury Granite Co., 69 App.D.C. 364, 368, 369, 101 F.2d 689, 693, 694. London & Lancashire Indemnity Co. v. Smoot, 52 App.D.C. 378, 287 F. 952.

Affirmed.